﻿Citation Nr: AXXXXXXXX
Decision Date: 04/30/20 Archive Date: 04/30/20

DOCKET NO. 190911-30151
DATE: April 30, 2020

REMANDED

Entitlement to service connection for an acquired psychiatric disability, to include posttraumatic stress disorder (PTSD) and depressive disorder, is remanded.

REASONS FOR REMAND

The Veteran served on active duty from November 1972 to August 1980.

As a procedural matter, the rating decision on appeal was issued in December 2017 under the Legacy appellate system. In March 2018, the Veteran withdrew his claim from the Legacy system and opted into the RAMP program. The RO issued a RAMP rating decision in June 2018. In response, the Veteran submitted a July 2018 RAMP selection form and requested a higher level of review. In January 2019, the Veteran’s representative submitted an additional RAMP opt-in election form and elected the supplemental claim lane, which was rejected by the RO because the psychiatric disability was already on appeal. In March 2019, the RO issued a new AMA rating decision, which considered all the evidence of record. The Veteran submitted a September 2019 VA Form 10182, selecting direct review by a Veteran’s Law Judge (VLJ). 38 C.F.R. § 19.2(d). 

Although there appear to be procedural missteps after the March 2018 RAMP opt-in, it is clear the Board has current jurisdiction to review the claim due to the timely September 2019 VA Form 10182. Any procedural issues before the March 2019 rating decision are harmless and do not prejudice the Veteran in this claim. 

Accordingly, the March 2019 rating decision is considered the AMA rating decision on appeal. The Veteran’s selection of direct evidence review by a VLJ waived a hearing before the Board and acknowledged that the Board will not review any additional evidence other than what was already of record as of the March 2019 AMA rating decision. 

In the June 2018 RAMP rating decision, the RO determined that new and relevant evidence had been received since the prior May 2013 final denial of the service connection claim for an acquired psychiatric disability. The Board is bound by favorable findings, and it is unnecessary do discuss whether new and relevant evidence has been received to readjudicate. 38 C.F.R. § 3.104(c). 

As reflected on the title page of this decision, the Board broadens the service connection claim for PTSD to a service connection claim for an acquired psychiatric disorder, to include PTSD and depressive disorder, or however diagnosed. See Clemons v. Shinseki, 23 Vet. App. 1, 5 (2009). 

Entitlement to service connection for an acquired psychiatric disability is remanded.

As an initial matter, the March 2018 rating decision made several favorable findings, including: (1) the Veteran has been currently diagnosed with depressive disorder; (2) the Veteran sought mental health treatment during service in 1976 and November 1979; and (3) service treatment records show the Veteran experienced a personal assault during service. See March 2018 RAMP rating decision. As noted above, the Board is bound by these favorable findings. Id. 

A remand is warranted before the Board can readjudicate the claim. The Veteran is currently receiving mental health care with a private provider through the VA Choices program. Although it appears that VA is in possession of the mental health treatment records, they are located on an “imaging” tab. The Board does not have access to this tab and cannot review the pertinent treatment records. On remand, these records should be obtained and associated with the claims file for the Board’s review. See, e.g., July 2017 VA treatment record.

In addition, effective August 4, 2014, VA amended the Rating Schedule dealing with mental disorders and its regulations to remove outdated references to the DSM-IV and replaced them with references to the updated Fifth Edition (DSM-5). See 79 Fed. Reg. 149, 45094.

Here, the Veteran’s appeal for an acquired psychiatric disorder, to include PTSD, was initiated after August 4, 2014; therefore, the service connection claim is governed by DSM-5. The Veteran has not yet been afforded a VA examination to determine if he meets the diagnostic criteria for PTSD under the DSM-5. 

Further, the March 2013 VA examiner diagnosed the Veteran with depression but determined it was linked to the Veteran’s dissatisfaction with retirement and recent unwanted divorce. The opinion noted that the record did not support that a military sexual assault occurred; however, the Veteran contends he was the victim of a personal assault from fellow service members, not a military sexual assault. Thus, the March 2013 VA medical opinion is inadequate in its current form to adjudicate the claim. On remand, the Veteran should be afforded an additional VA psychiatric examination to determine the nature and etiology of each currently diagnosed acquired psychiatric disability. 

The matters are REMANDED for the following action:

1. Obtain for inclusion in the electronic file any outstanding pertinent VA treatment records prior to the March 2019 rating decision, to include all mental health treatment records from all private CHOICES mental health provider(s). See July 2017 VA treatment record. 

2. Then, schedule the Veteran for a VA examination to determine the nature and etiology of the acquired psychiatric disabilities. 

After a thorough review of the claims file, the examiner should address the following: 

a) Identify each currently diagnosed acquired psychiatric disability under the DSM-5. If the Veteran does not meet the diagnostic criteria for PTSD, provide a thorough rational explaining why not.

b) Except for PTSD, provide an opinion as to whether each currently diagnosed acquired psychiatric disabilities had onset during or is otherwise related to service, to include the personal assault the Veteran reports occurred in service. See November 2017, December 2018, and July 2018 stressor statements and February 2019 statement. 

c) If the Veteran has a current diagnosis of PTSD, provide an opinion as to whether the PTSD is caused by or otherwise related to the in-service personal assault. 

*The examiner should ensure that all the Veteran’s contentions are considered and addressed. See, e.g., November 2017, January 2018, July 2018, December 2018, February 2019 statements. 

 

S. B. MAYS

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board T. Harper, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.